NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAURA RUIZ ALVARADO; KARLA
NOEMI ROMERO RUIZ; ARELY
GUADALUPE HERRERA RUIZ; LESLY
JOHANA RUIZ ALVARADO,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-159

Agency Nos.
A215-672-059
A215-672-060
A215-672-061
A215-672-062

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2025[**]
San Francisco, California

Before: S.R. THOMAS, NGUYEN, and BRESS, Circuit Judges.

Laura Guadalupe Ruiz Alvarado and her three minor children (collectively,

Ruiz), natives and citizens of Mexico, petition for review of a Board of Immigration

Appeals (BIA) decision dismissing their appeal of an Immigration Judge's (IJ) order

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review the denial of asylum, withholding of removal, and CAT relief for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the denial of asylum and withholding of removal. To be eligible for asylum, Ruiz must demonstrate a "likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, Ruiz must show "that it is more likely than not" that she will be persecuted if returned to Mexico "because of" her membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see also* 8 U.S.C. § 1231(b)(3). And for both claims, Ruiz "must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023).

Here, substantial evidence supports the agency's determination that there was no nexus between Ruiz's alleged harm and her proposed particular social group

consisting of "family members of Juan Herrera Pinones and Victor Herrera Pinones." The BIA and IJ could conclude that the individuals threatening Ruiz were "motivated by their desire to prevent [Ruiz] from solving the murders" of her husband and brother-in-law—not by her familial relationships with the murdered victims. For example, threats were allegedly made towards Ruiz only after she told police and prosecutors that she was going to contact human rights organizations, and no threats had been made to her or relatives since she left for the United States. Therefore, substantial evidence supports the conclusion that the threats were based on general criminality or personal retribution, both of which are insufficient to demonstrate a nexus to a protected ground. *See, e.g.*, *Hussain v. Rosen*, 985 F.3d 634, 649 (9th Cir. 2021) (noting that "generalized crime and violence" in a country "cannot be a basis for granting asylum to any citizen of that country in the United States"); *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (noting that "[p]urely personal retribution" is not persecution "on account of" a protected ground). The record does not compel a contrary conclusion.

While Ruiz raises various other arguments in her opening brief regarding her eligibility for asylum and withholding of removal, she failed to properly raise them before the BIA. We therefore do not review these unexhausted arguments. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended*. Similarly, we do not consider issues that the BIA had no occasion to

reach because it limited its decision on asylum and withholding of removal to the lack of nexus. *See Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (noting that "our review 'is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted'") (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)).

2.      Substantial evidence also supports the denial of CAT relief. "To qualify for CAT relief, a petitioner must show that she more likely than not will be tortured if she is removed to her native country." *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). "To constitute torture, an act must inflict severe pain or suffering, and it must be undertaken at the instigation of, or with the consent or acquiescence of, a public official." *Andrade v. Garland*, 94 F.4th 904, 914 (9th Cir. 2024) (quotation marks and citation omitted); *see also* 8 C.F.R. § 1208.18(a)(1).

In this case, Ruiz has never been tortured in Mexico. Ruiz also did not challenge before the BIA the IJ's determination that she could relocate within Mexico to avoid harm. And although country conditions evidence demonstrates that Mexico faces problems with violent crime and corruption, the record does not show that these problems create any heightened, particularized risk of torture for Ruiz. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (explaining that "generalized evidence of violence and crime" that "is not particular to Petitioners . . . is insufficient to meet [the CAT relief] standard"). For these reasons, the record does

not compel the conclusion that Ruiz is entitled to CAT relief.

**PETITION DENIED.**[1]

---

[1] Ruiz's motion to stay removal, Dkt. 2, is denied.  The temporary stay of removal shall remain in place until the mandate issues.